UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                                                        :
PHIL DORAN, VICTORINO RAMIREZ, BORIS      :
SHVATSMAN, NOEL COLLESSO, FELIX TEJADA,   :   Civil Case No.: 20-cv-4311
ANDREW PARNELL, TOMAS CASTANEDA, JUAN     :
FERNANDEZ, BALJAWAN MAHABIR, MIGUEL       :   ANSWER TO
AQUINO and RUBEN SANTIAGO, on behalf of   :   AMENDED COMPLAINT
themselves and all others similarly situated, :
                                                                        :
                        Plaintiffs,                                     :
                                                                        :
        -vs-                                                            :
                                                                        :
THE NEW YORKER HOTEL MANAGEMENT           :
COMPANY, INC. and MCR NYH MANAGEMENT,     :
LLC,                                                                    :
                                                                        :
------------------------------------------------------------------------x

Defendants **THE NEW YORKER HOTEL MANAGEMENT COMPANY, INC.** (the "New Yorker") and **MCR NYH MANAGEMENT LLC** ("MCR") (collectively, the "Defendants"), by and through their attorneys, Kane Kessler, P.C., hereby respond to the Amended Complaint of plaintiffs Phil Doran, Victorino Ramirez, Boris Shvatsman, Noel Collesso, Felix Tejada, Andrew Parnell, Tomas Castaneda, Juan Fernandez, Baljawan Mahabir, Miguel Aquino and Ruben Santiago, on behalf of themselves, and all others similarly situated (collectively, the "Plaintiffs") as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint and therefore deny same.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint and therefore deny same, except deny that Plaintiffs were terminated and admit that in or around February 2019 MCR took over management of the New Yorker Hotel.

3. Deny each and every allegation contained in paragraph 3 of the Amended Complaint.

4. Deny each and every allegation contained in paragraph 4 of the Amended Complaint.

5. Deny each and every allegation contained in paragraph 5 of the Amended Complaint.

6. Deny each and every allegation contained in paragraph 6 of the Amended Complaint.

7. Paragraph 7 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in paragraph 7 of the Amended Complaint.

8. Paragraph 8 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in paragraph 8 of the Amended Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and therefore deny same, except admit that plaintiff Phil Doran has been employed as a full-time Maintenance employee at the New Yorker Hotel since approximately October 1997 and that he is currently employed by MCR, and deny that he most recently has been paid an hourly rate of $37.29.

10. Deny each and every allegation contained in paragraph 10 of the Amended Complaint and refer the Court to the referenced document for its specific contents.

11. Deny each and every allegation contained in paragraph 11 of the Amended Complaint, except admit that plaintiff Phil Doran had been employed at the New Yorker Hotel by the New Yorker and is currently employed at the New Yorker Hotel by MCR.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint and therefore deny same, except admit that plaintiff Victorino Ramirez has been employed as a full-time Maintenance employee at the New Yorker Hotel since approximately July 1995 and that he is currently employed by MCR, and deny that he most recently has been paid an hourly rate of $37.29

13. Deny each and every allegation contained in paragraph 13 of the Amended Complaint and refer the Court to the referenced document for its specific contents.

14. Deny each and every allegation contained in paragraph 14 of the Amended Complaint, except admit that plaintiff Victorio Ramirez had been employed at the New Yorker Hotel by the New Yorker and is currently employed at the New Yorker Hotel by MCR.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint and therefore deny same, except admit that plaintiff Boris Shvatsman has been employed as a full-time Engineering employee at the New Yorker Hotel since approximately November 1996, and that he is currently employed MCR, and deny that he most recently has been paid an hourly rate of $36.36.

16. Deny each and every allegation contained in paragraph 16 of the Amended Complaint and refer the Court to the referenced document for its specific contents.

17. Deny each and every allegation contained in paragraph 17 of the Amended Complaint, except admit that plaintiff Boris Shvatsman had been employed at the New Yorker Hotel by the New Yorker and is currently employed at the New Yorker Hotel by MCR.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint and therefore deny same, except admit that plaintiff Noel Collesso has been employed as a full-time Electrician at the New Yorker Hotel since approximately June 1996 and that he is currently employed by MCR, and deny that he most recently has been paid an hourly rate of $43.81.

19. Deny each and every allegation contained in paragraph 19 of the Amended Complaint and refer the Court to the referenced document for its specific contents.

20. Deny each and every allegation contained in paragraph 20 of the Amended Complaint, except admit that plaintiff Noel Collesso had been employed at the New Yorker Hotel by the New Yorker and is currently employed at the New Yorker Hotel by MCR.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint and therefore deny same, except admit that plaintiff Felix Tejada has been employed as a full-time Maintenance employee at the New Yorker Hotel since approximately April 1998 and that he is currently employed by MCR, and deny that he most recently has been paid an hourly rate of $37.37.

22. Deny each and every allegation contained in paragraph 22 of the Amended Complaint and refer the Court to the referenced document for its specific contents.

23. Deny each and every allegation contained in paragraph 23 of the Amended Complaint, except admit that plaintiff Felix Tejada had been employed at the New Yorker Hotel by the New Yorker and is currently employed at the New Yorker Hotel by MCR.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint and therefore deny same, except admit that plaintiff Andrew Parnell has been employed as a full-time Maintenance

employee at the New Yorker Hotel since approximately April 1998 and that he is currently employed by MCR, and deny that he most recently has been paid an hourly rate of $37.37.

25. Deny each and every allegation contained in paragraph 25 of the Amended Complaint and refer the Court to the referenced document for its specific contents.

26. Deny each and every allegation contained in paragraph 26 of the Amended Complaint, except admit that plaintiff Andrew Parnell had been employed at the New Yorker Hotel by the New Yorker and is currently employed at the New Yorker Hotel by MCR.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint and therefore deny same, except admit that plaintiff Tomas Castaneda has been employed as a full-time Maintenance employee at the New Yorker Hotel since approximately June 1994 and that he is currently employed by MCR, and deny that he most recently has been paid an hourly rate of $35.06.

28. Deny each and every allegation contained in paragraph 28 of the Amended Complaint and refer the Court to the referenced document for its specific contents.

29. Deny each and every allegation contained in paragraph 29 of the Amended Complaint, except admit that plaintiff Tomas Castaneda had been employed at the New Yorker Hotel by the New Yorker and is currently employed at the New Yorker Hotel by MCR.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint and therefore deny same, except admit that plaintiff Juan Fernandez has been employed as a full-time Engineering employee at the New Yorker Hotel since approximately October 2004 and that he is currently employed by MCR, and deny that he most recently has been paid an hourly rate of $37.37.

31. Deny each and every allegation contained in paragraph 31 of the Amended Complaint and refer the Court to the referenced document for its specific contents.

32. Deny each and every allegation contained in paragraph 32 of the Amended Complaint, except admit that plaintiff Juan Fernandez had been employed at the New Yorker Hotel by the New Yorker and is currently employed at the New Yorker Hotel by MCR.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint and therefore deny same, except admit that plaintiff Baljiawan Mahabir has been employed as a full-time Engineering employee at the New Yorker Hotel since approximately August 2012 and that he is currently employed by MCR, and deny that he most recently has been paid an hourly rate of $37.37.

34. Deny each and every allegation contained in paragraph 34 of the Amended Complaint and refer the Court to the referenced document for its specific contents.

35. Deny each and every allegation contained in paragraph 35 of the Amended Complaint, except admit that plaintiff Baljiawan Mahabir had been employed at the New Yorker Hotel by the New Yorker and is currently employed at the New Yorker Hotel by MCR.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint and therefore deny same, except admit that plaintiff Miguel Aquino has been employed as a full-time Maintenance employee at the New Yorker Hotel since approximately June 1995 and that he is currently employed by MCR, and deny that he most recently has been paid an hourly rate of $36.28.

37. Deny each and every allegation contained in paragraph 37 of the Amended Complaint and refer the Court to the referenced document for its specific contents.

38. Deny each and every allegation contained in paragraph 38 of the Amended Complaint.

39. Deny each and every allegation contained in paragraph 39 of the Amended Complaint, except admit that plaintiff Miguel Aquino had been employed at the New Yorker Hotel by the New Yorker and is currently employed at the New Yorker Hotel by MCR.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint and therefore deny same, except admit that plaintiff Ruben Santiago has been employed as a full-time Engineering employee at the New Yorker Hotel since approximately September 1998 and that he is currently employed by MCR, and deny that he most recently has been paid an hourly rate of $37.26.

41. Deny each and every allegation contained in paragraph 41 of the Amended Complaint and refer the Court to the referenced document for its specific contents.

42. Deny each and every allegation contained in paragraph 42 of the Amended Complaint, except admit that plaintiff Ruben Santiago had been employed at the New Yorker Hotel by the New Yorker and is currently employed at the New Yorker Hotel by MCR.

43. Deny each and every allegation contained in paragraph 43 of the Amended Complaint, except admit that defendant NYHMC is a domestic corporation with its principal place of business located in New York, New York and that NYHMC previously conducted management activities in connection with the New Yorker Hotel.

44. Deny each and every allegation contained in paragraph 44 of the Amended Complaint, except admit that defendant MCR has a principal place of business located in New York, New York, and refers the Court to the referenced website for its specific contents.

45. Deny each and every allegation contained in paragraph 45 of the Amended Complaint, except admit that MCR is currently engaged in the management of the New Yorker Hotel and employs Plaintiffs at the New Yorker Hotel.

46. Deny each and every allegation contained in paragraph 46 of the Amended Complaint, except admit that certain Plaintiffs were hourly employees of NYHMC for many years and worked in various job classifications.

47. Deny each and every allegation contained in paragraph 47 of the Amended Complaint, except admit that in or around February 2019, MCR was engaged to conduct management activities at the New Yorker Hotel and at that time there were over 100 employees employed at the New Yorker Hotel.

48. Deny each and every allegation contained in paragraph 48 of the Amended Complaint.

49. Deny each and every allegation contained in paragraph 49 of the Amended Complaint.

50. Deny each and every allegation contained in paragraph 50 of the Amended Complaint.

51. Deny each and every allegation contained in paragraph 51 of the Amended Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint and therefore deny same.

53. Deny each and every allegation contained in paragraph 53 of the Amended Complaint, except admit that when MCR was engaged to conduct management activities at the New Yorker Hotel, Plaintiffs became employed by MCR.

54. Deny each and every allegation contained in paragraph 54 of the Amended Complaint, except admit that when MCR was engaged to conduct management activities at the New Yorker Hotel, Plaintiffs became employed by MCR.

55. Deny each and every allegation contained in paragraph 55 of the Amended Complaint, except admit that when MCR was engaged to conduct management activities at the New Yorker Hotel, Plaintiffs became employed by MCR at the same New Yorker Hotel building.

56. Deny each and every allegation contained in paragraph 56 of the Amended Complaint.

57. Deny each and every allegation contained in paragraph 57 of the Amended Complaint.

58. Deny each and every allegation contained in paragraph 58 of the Amended Complaint.

59. Deny each and every allegation contained in paragraph 59 of the Amended Complaint.

60. In response to paragraph 60 of the Amended Complaint, Defendants repeat and realleges their responses to paragraphs 1 through 59 of the Amended Complaint as if more fully set forth at length herein.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint and therefore deny same.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint and therefore deny same.

63. Deny each and every allegation contained in paragraph 63 of the Amended Complaint.

64. Deny each and every allegation contained in paragraph 64 of the Amended Complaint.

65. Deny each and every allegation contained in paragraph 65 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the allegations concerning the competency and experience of Plaintiffs' counsel and therefore deny such allegations.

66. Deny each and every allegation contained in paragraph 66 of the Amended Complaint, including subparts (a) though (c) contained therein.

67. Deny each and every allegation contained in paragraph 67 of the Amended Complaint.

68. Deny each and every allegation contained in paragraph 68 of the Amended Complaint.

69. Deny each and every allegation contained in paragraph 69 of the Amended Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint and therefore deny same.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**
**(Breach of Contract on behalf of Plaintiffs and the Class)**

71. In response to paragraph 71 of the Amended Complaint, Defendants repeat and realleges their responses to the allegations contained in paragraph 1 through 70 of the Amended Complaint as if set forth more fully herein.

72. Deny each and every allegation contained in paragraph 72 of the Amended Complaint.

73. Deny each and every allegation contained in paragraph 73 of the Amended Complaint.

74. Deny each and every allegation contained in paragraph 74 of the Amended Complaint.

75. Deny each and every allegation contained in paragraph 75 of the Amended Complaint.

76. Deny each and every allegation contained in paragraph 76 of the Amended Complaint.

77. Deny each and every allegation contained in paragraph 77 of the Amended Complaint.

## AS AND FOR A FIRST AFFIMATIVE DEFENSE

78. The Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

79. Plaintiffs' claims are barred by the Statute of Frauds.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

80. Plaintiffs' claims are barred by the applicable Statute of Limitations.

## AS AND FOR A FORTH AFFIRMATIVE DEFENSE

81. Plaintiffs' claims are barred by a valid and enforceable waiver and release.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

82. Plaintiffs' claims are barred by failure of a condition precedent, namely the Union's approval of the "severance agreements" referenced in the Complaint.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

83. Plaintiffs' claims are barred by the doctrines of waiver, estoppel and unclean hands.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

84. Plaintiffs' claims are barred and subject to the mandatory "Complaints, Grievances and Arbitration" provision contained in the industry-wide collective bargaining agreement (known as the "IWA") between the Hotel Association of New York City and Plaintiffs' union, the New York Hotel and Motels Trades Council, AFL-CIO, which requires, among other things, that the claims in this action be arbitrated before the Office of the Contract Arbitrator as the tribunal identified in such collective bargaining agreement.

85. Plaintiffs' claims are barred under the terms of a collective bargaining agreement with Plaintiffs' union which requires, among other things, this action to be arbitrated before the tribunal identified in such collective bargaining agreement.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

86. Plaintiffs' claims are barred because members of the putative class received all payments required under all applicable agreements.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

87. Plaintiffs' claims are barred by an accord and satisfaction.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

88. Plaintiffs' claims are barred by failure of consideration.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

89. Plaintiffs' claims are barred because they were not terminated.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

90. Plaintiffs' claims against defendant MCR fail because MCR did not enter into or sign any agreement with any of the Plaintiffs, or putative Class, and therefore cannot be liable for breach of contract.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

91. Plaintiffs' claims against defendant MCR fail because MCR is not the successor to defendant NYHMC and therefore cannot be liable for any contractual or any other liabilities of NYHMC.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

92. The named Plaintiffs are not representative of any alleged collective and/or putative Rule 23 Class.

## AS AND FOR A FIFTHEENTH AFFIRMATIVE DEFENSE

93. The Amended Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages or attorney's fees may be awarded.

## AS AND FOR A SIXTHEENTH AFFIRMATIVE DEFENSE

94. Plaintiffs and/or alleged putative class members were paid properly under any applicable and enforceable agreement.

## AS AND FOR A SEVENTHEENTH AFFIRMATIVE DEFENSE

95. This case may not be maintained as a class action because the named Plaintiffs are not similarly situated to or otherwise an adequate representative for the persons who they purport to represent.

**AS AND FOR AN EITHTEENTH AFFIRMATIVE DEFENSE**

96. Class action certification is not appropriate pursuant to the Federal Rules of Civil Procedure.

**AS AND FOR A NINETHEENTH AFFIRMATIVE DEFENSE**

97. This case may not be maintained as a class action as the class is not so numerous that the joinder of all members is impractical.

**AS AND FOR A TWENTHIETH AFFIRMATIVE DEFENSE**

98. Plaintiffs and alleged putative class members' claims are barred, in whole or in part, by the de minimus doctrine.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

99. Plaintiffs and alleged putative class members' claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver, release and/or equitable defenses.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

100. Plaintiffs lack standing to be and are not adequate representatives of the alleged putative class action and, as such, the Court should not authorize notice to be issued or a class action to be maintained under the Federal Rules of Civil Procedure.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

101. This case is not appropriate for a class action because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported collective action members.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

102. Plaintiffs cannot establish or maintain a class action because it cannot be demonstrated that a class action is superior to other methods available for adjudicating any controversy.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

103. To the extent Plaintiffs and alleged putative class members seek injunctive relief, Plaintiffs and putative class members, in whole or in part, are not entitled to a trial by jury on such claims.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

104. This Court lacks subject matter jurisdiction to hear this case because there is not complete diversity of citizenship, there is are not 100 or more members in the proposed class and the claims of the proposed class do not exceed $5,000,0000 in the aggregate, and therefore the Class Action Fairness Act, 28 U.S.C. Section 1332(d) does not apply, nor is there any other basis for subject matter jurisdiction in this Court.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

105. Any damages Plaintiffs sustained are the result of the acts and/or omissions of third-parties over which Defendants, or any of them, had no control.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

106. Plaintiffs' claims are barred for failure to name an indispensable party in this action.

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

107. In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims

against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants respectfully request that the Amended Complaint be dismissed in its entirety and that Defendants be awarded their reasonable attorney's fees, costs and disbursements of this action and such other, further and different relief as to the Court seems just and proper.

Dated: New York, New York
July 24, 2020

**KANE KESSLER, P.C.**

By: *s/ Dana M. Susman*
    Dana M. Susman
    Jennifer Schmalz
666 Third Avenue, 23rd Fl.
New York, New York 10017
(212) 541-6222
dsusman@kanekessler.com
jschmalz@kanekessler.com

*Attorneys for Defendants*

TO:    Brett R. Gallaway
      **McLAUGHLIN & STERN, LLP**
      260 Madison Avenue
      New York, NY 10016
      (212) 448-1100
      gallaway@mclaughlinstern.com

      *Attorneys for Plaintiffs*